# United States District Court for the District of Columbia

Memphis Plywood Corporation
337 East Mallory Avenue
Memphis, Tennessee 38109

       Plaintiff

v.

Wellingford Systems, Inc.
7700 Wellingford Drive
Manassas, Virginia 20109

       Serve:  CT Corporation System, Registered Agent
               1015 15th Street, NW, Suite 1000
               Washington, DC 20005

Selective Insurance Company of America
40 Wantage Avenue
Branchville, New Jersey 07890

       Serve:  Corporation Service Company
               Registered Agent
               1090 Vermont Avenue, Suite 430
               Washington, DC 20005

Forrester Construction Company
12231 Parklawn Drive
Rockville, Maryland 20852

       Serve:  CT Corporation System, Registered Agent
               1015 15th Street, NW, Suite 1000
               Washington, DC 20005

Federal Insurance Company
15 Mountain View Road
P.O. Box 1615
Warren, New Jersey 07059

       Serve:  CT Corporation System, Registered Agent
               1015 15th Street, NW, Suite 1000
               Washington, DC 20005

       Defendants

Case No. _____

**Complaint**

# Complaint

For its Complaint, Memphis Plywood Corporation states as follows:

## Parties

1.     Memphis Plywood Corporation ("Memphis") is a Tennessee corporation with its principal place of business located at 337 East Mallory Avenue, Memphis, Tennessee 38109. Memphis is engaged in business as a manufacturer of commercial casework, including cabinetry, countertops, and shelving for commercial construction projects.

2.     Upon information and belief, Wellingford Systems, Inc. ("Wellingford") is a Virginia corporation with its principal place of business located at 7700 Wellingford Drive, Manassas, Virginia 20109. Upon further information and belief, Wellingford is engaged in business as a construction contractor.

3.     Upon information and belief, Selective Insurance Company of America ("Selective") is a New Jersey corporation with its principal place of business located at 40 Wantage Avenue, Branchville, New Jersey 07890. Upon further information and belief, Selective is engaged in the business of providing payment and performance bonds for construction projects.

4.     Upon information and belief, Forrester Construction Company ("Forrester") is a Maryland corporation with its principal place of business located at 12231 Parklawn Drive, Rockville, Maryland 20852. Upon further information and belief, Forrester is engaged in business as a construction contractor.

5.     Upon information and belief, Federal Insurance Company ("FIC") is an Indiana corporation with its principal place of business located at 15 Mountain View Road, Warren, New Jersey 07059. Upon further information and belief, FIC is engaged in the business of providing payment and performance bonds for construction projects.

## Jurisdiction

6.    The citizenship of Memphis is diverse from the citizenship of all the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has subject-matter jurisdiction over the claims asserted in this Complaint under 28 U.S.C. § 1332.

7.    This Court is the proper venue for this action under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Memphis's claim occurred in Washington, DC.

8.    This Court has personal jurisdiction over each defendant, as they have each transacted business in the District of Columbia.

## Facts

9.    Upon information and belief, the International Bank for Reconstruction and Development (the "World Bank") is the owner of a construction project commonly known as the World Bank H Building Tenant Improvement Work (the "Project"), located at 601 9th Street, NW, Washington, DC 20433.

10.    Upon information and belief, the World Bank, as owner, and Forrester, as general contractor, entered into a contract (the "General Contract") for construction of the Project.

11.    Upon information and belief, FIC, as surety, and Forrester, as principal, issued a payment bond (the "Forrester Payment Bond") in connection with the Project. Upon further information and belief, under Forrester's Bond, FIC and Forrester are jointly and severally liable for paying for labor, material, rental equipment, supplies, and services furnished for use in the performance of the General Contract.

12.    Upon information and belief, Forrester, as general contractor, and Wellingford, as subcontractor, entered into a contract (the "Wellingford Subcontract"), under which Wellingford was to perform certain construction work for the Project, including the supply and installation of casework.

3

13. Upon information and belief, Selective, as surety, and Wellingford, as principal, issued a payment bond (the "Wellingford Payment Bond") in connection with the Project. Upon further information and belief, under the Wellingford Payment Bond, Selective and Wellingford are jointly and severally liable for paying for labor, material, rental equipment, supplies, and services furnished for use in the performance of the Wellingford Subcontract.

14. Wellingford submitted a credit application to Memphis whereby Wellingford agreed to that for all future purchases from Memphis, Wellingford would pay interest on past-due balances "at the maximum allowable rate by law" and would pay "for any and all collection and/or legal fees related to the collection of the claim."

15. In connection with the Project, Wellingford, as subcontractor, and Memphis, as supplier, entered into a contract (the "Memphis Supply Contract"), under which Memphis was to supply certain casework for the Project.

### Count 1
(Breach of Contract — Wellingford)

16. The allegations in the preceding paragraphs are incorporated by reference as if set forth in full.

17. Memphis supplied casework for the Project in accordance with the Memphis Supply Contract.

18. Under the Memphis Supply Contract, Wellingford promised to pay Memphis for the casework it supplied for the Project.

19. Wellingford breached the Memphis Supply Contract by failing and refusing to fully pay for the casework that Memphis supplied.

20. As a direct and proximate result of Wellingford's breach of the Memphis Supply Contract, Memphis has suffered and continues to suffer damages in the principal sum of not less than $92,296.82.

21. Memphis has fulfilled all conditions precedent to bringing this action, if any.

Wherefore, Memphis respectfully asks this Court to enter judgment in its favor and against Wellingford in an amount to be determined at trial but not less than the principal sum of $92,296.82, plus pre- and post-judgment interest, attorneys' fees and costs,  and court costs, and Memphis requests such other and further relief as the Court may deem just and proper.

## Count 2
### (Quantum Meruit — Wellingford)

22.  The allegations in paragraphs 1 – 14 are incorporated by reference as if set forth in full.

23.  As an alternative to its claim for breach of the Memphis Supply Contract (Count 1), Memphis asserts a claim for quantum meruit in this Count 2.

24.  At Wellingford's request, Memphis supplied certain casework for the Project.

25.  Memphis reasonably expected that Wellingford would compensate it for the casework Memphis supplied in connection with the Project, and Wellingford knew that Memphis expected compensation from Wellingford.

26.  Wellingford knowingly and voluntarily accepted Memphis's casework, and Wellingford benefitted from accepting Memphis's casework.

27.  Despite demand, Wellingford has failed and refused to pay Memphis for the reasonable value of its casework for the Project.

28.  Absent full payment for Memphis's casework, Wellingford is unjustly enriched.

29.  The reasonable value for Memphis's casework for which it has not been compensated is the principal sum of not less than $92,296.82.

30.  Wellingford has breached its duty to Memphis to make full payment for the casework Wellingford asked Memphis to supply in connection with the Project.

31.  As a direct and proximate result of Wellingford's breach of its duty to make payment, Memphis has suffered and continues to suffer damages in the principal sum of not less than $92,296.82.

32.  Memphis has fulfilled all conditions precedent to bringing this action, if any.

Wherefore, Memphis respectfully asks this Court to enter judgment in its favor and against Wellingford in an amount to be determined at trial but not less than the principal sum of $92,296.82, plus pre- and post-judgment interest, attorneys' fees and costs, and court costs, and Memphis requests such other and further relief as the Court may deem just and proper.

### Count 3
(Bond Claim — Selective and Wellingford)

33.  The allegations in paragraphs 1 – 21 are incorporated by reference as if set forth in full.

34.  Memphis supplied material and supplies in connection with the Project and in the performance of the Wellingford Subcontract. As such, Memphis is a proper claimant under the Wellingford Payment Bond.

35.  Although not required to do so, by letter dated July 12, 2013, Memphis notified Selective of its claim under the Wellingford Payment Bond for the principal sum of $92,296.82.

36.  Selective and Wellingford have breached their duty under the Wellingford Payment Bond by failing and refusing to pay Memphis the principal sum of $92,296.82.

37.  As a direct and proximate result of Selective's and Wellingford's breaches, Memphis has suffered and continues to suffer damages in the principal sum of not less than $92,296.82.

38.  Memphis has fulfilled all conditions precedent to bringing this action, if any.

Wherefore, Memphis respectfully asks this Court to enter judgment in its favor and against Selective and Wellingford, jointly and severally, in an amount to be determined at trial but not less than the principal sum of $92,296.82, plus pre- and post-judgment interest, attorneys' fees and costs, and court costs, and Memphis requests such other and further relief as the Court may deem just and proper.

## Count 4
### (Bond Claim — FIC and Forrester)

39.  The allegations in paragraphs 1 – 21 are incorporated by reference as if set forth in full.

40.  Memphis supplied material and supplies in connection with the Project and in the performance of the Wellingford Subcontract and the General Contract. As such, Memphis is a proper claimant under the Forrester Payment Bond.

41.  By letter dated September 6, 2013, Memphis notified FIC, Wellingford, and Forrester of its claim under the Forrester Payment Bond for the principal sum of $92,296.82.

42.  FIC and Forrester have breached their duty under the Forrester Payment Bond by failing and refusing to pay Memphis the principal sum of $92,296.82.

43.  As a direct and proximate result of FIC's and Forrester's breaches, Memphis has suffered and continues to suffer damages in the principal sum of not less than $92,296.82.

44.  Memphis has fulfilled all conditions precedent to bringing this action, if any.

Wherefore, Memphis respectfully asks this Court to enter judgment in its favor and against FIC and Forrester, jointly and severally, in an amount to be determined at trial but not less than the principal sum of $92,296.82, plus pre- and post-judgment interest, attorneys' fees and costs, and court costs, and Memphis requests such other and further relief as the Court may deem just and proper.

Respectfully submitted,
**Memphis Plywood Corporation**
By Counsel

Joseph A. McManus, Jr. (DC Bar No. 345462)
Daniel K. Felsen (DC Bar No. 438553)
David J. Butzer (DC Bar No. 477813)
McManus Darden & Felsen LLP
1155 Fifteenth Street, N.W.
Suite 810
Washington, D.C. 20005
202-296-9260
202-659-3732 (fax)
jmcmanus@mcmanus-darden.com
dfelsen@mcmanus-darden.com
dbutzer@mcmanus-darden.com